**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**CLARENCE ANDERSON**                                                                  **PLAINTIFF**

**V.**                               **CASE NO. 3:16-CV-258-JM-BD**

**ALLISON YORK-HUCKABEE, et al.**                                              **DEFENDANTS**

**ORDER**

Clarence Anderson, a pre-trial detainee at the Greene County Detention Center ("Detention Center"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #2)  Mr. Anderson claims that Detention Center officials have violated his federally protected rights by failing to provide him adequate medical care for his mental illness; verbally and physically assaulting him; racially discriminating against him; violating the Freedom of Information Act; and unlawfully tying him to a chair and spraying him with pepper spray.  In addition, Mr. Anderson specifically complains that Defendants Carter and Huckabee failed to adequately train Detention Center staff.

As stated, Mr. Anderson's claims cannot move forward.  Mr. Anderson will have an opportunity to cure the defects in his complaint by filing an amended complaint.

First, Mr. Anderson states that Defendant York-Huckabee failed to provide him adequate medical care, but he has not included any factual allegations to support this claim.  To proceed on his deliberate-indifference claim, Mr. Anderson must explain when Defendant York-Huckabee (or any other Defendant) failed to provide him medical care

and describe the injury he suffered as a result of being denied medical care.

Second, Mr. Anderson claims that he was verbally and physically assaulted, but he has not identified the individuals who assaulted him. To proceed on these claims, Mr. Anderson must identify the Detention Center officials who assaulted him and provide factual details about these incidents. Mr. Anderson should also identify the Detention Center official or officials who allegedly tied him to a chair and sprayed him with pepper spray in the incident referenced in the complaint.

Third, Mr. Anderson has not included any facts to support his claim that Detention Center officials discriminated against him based on race. To proceed on this claim, Mr. Anderson must specifically identify the officials who discriminated against him and explain how other similarly situated detainees of a different race were treated more favorably than he was treated.

Finally, Mr. Anderson's allegation that Detention Center officials violated Arkansas's Freedom of Information Act ("FOIA") are not federal claims because they implicate only state law. See *Taylor v. Denniston*, 111 Fed. Appx. 864, *1 (8th Cir. 2004) (upholding dismissal of plaintiff's § 1983 action based upon alleged denial of his Arkansas FOIA request). Violations of the state FOIA do not deprive Mr. Anderson of any right, privilege, or immunity secured by the Constitution or laws of the United States.

Mr. Anderson has thirty days to file an amended complaint curing the defects identified by the Court. Failure to comply with this Court's Order could result in the

dismissal of some, or all, of his claims.  Local Rule 5.5.

    IT IS SO ORDERED, this 27th day of September, 2016.

                                               _____
                                               UNITED STATES MAGISTRATE JUDGE